UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ISMAEL AHMAD SALADEEN,

    Petitioner,

v.

PAUL CHAPPIUS, Superintendent of
Elmira Correctional Facility,

    Respondent.

---

16-CV-180(LJV)
ORDER

## INTRODUCTION

The *pro se* petitioner, Ismael Ahmad Saladeen, was convicted of murder in the second degree in the County Court of Erie County, New York, on December 11, 2001. On March 1, 2016, he filed a petition arguing that his conviction was obtained unconstitutionally and seeking relief pursuant to 28 U.S.C. § 2254. *See* Docket Item 1. This Court then directed him to show cause why his petition should not be dismissed as untimely, Docket Item 9, and he responded by filing a Timeliness Response Form, Docket Item 10. For the reasons set forth below and in this Court's order of January 25, 2017, Saladeen's petition is dismissed as untimely.

## DISCUSSION

### I. THE STATUTE OF LIMITATIONS UNDER THE AEDPA

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year period of limitations applies to a state prisoner's petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Depending on the circumstances, the period of limitations runs from one of several dates:

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D). The period of limitations is tolled while a properly filed application for state "post-conviction or other collateral review" (i.e., a collateral attack) is pending, 28 U.S.C. § 2244(d)(2); it also may be tolled equitably when appropriate. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000); *see also McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-36 (2013).

As this Court recognized in its order of January 25, 2017, Saladeen's claims do not appear to raise any issues with respect to 28 U.S.C. § 2244(d)(1)(B)–(D). His response to that order does not suggest otherwise. The timeliness of his claims therefore depends on the date when his judgment of conviction became final, *see* 28 U.S.C. § 2244(d)(1)(A), and whether there is any basis to toll or avoid the applicable period of limitations.

## II.     APPLICATION OF 28 U.S.C. § 2244(d)(1)(A)

The petition alleges that Saladeen's judgment of conviction was dated December 11, 2001. *See* Docket Item 1 at 1 (¶ 2(a)). The New York State Supreme Court, Appellate Division, Fourth Department, affirmed the conviction on November 19, 2004,

2

*id.* at 2 (¶ 9(a)–(f)),[1] and the New York Court of Appeals denied leave on January 27, 2005. Docket Item 1 at 2 (¶ 9(g)).[2]

Because Saladeen did not seek a writ of certiorari, his conviction became "final" for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time to seek direct review in the United States Supreme Court expired. *Epps v. Poole*, 687 F.3d 46, 49 (2d Cir. 2012); *Acosta v. Artuz*, 221 F.3d 117, 120 (2d Cir. 2000). Here, Saladeen had 90 days after the New York Court of Appeals entered an "order denying discretionary review" or denied rehearing to seek such review. *See* Rule 13 of the Rules of the Supreme Court of the United States; *Epps*, 687 F.3d at 49 n.3; *Dove v. Lee*, 9:12-CV-738 FJS/CFH, 2015 WL 893071, at *3, n.7 (N.D.N.Y. Mar. 2, 2015). Saladeen offers nothing to dispute this Court's previous observation that, absent any tolling, his conviction became "final" 90 days after January 27, 2005—i.e., on April 27, 2005—and the one-year period of limitations of 28 U.S.C. § 2244(d)(1) presumably expired on April 27, 2006. Because his petition was not filed until February 12, 2016, nearly a decade later, it is time barred absent any tolling or exception to the period of limitations.

## III.  TOLLING

As previously noted, the period of limitations is tolled while "a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2). In his petition, Saladeen argued that his habeas proceeding was timely because one such application "should be considered still pending" due to alleged clerical errors. *See* Docket Item 1 at 20. Saladeen's Timeliness Response Form

---

[1] *People v. Saladeen*, 12 A.D.3d 1179, 785 N.Y.S.2d 250 (4th Dep't 2004) (vacating mandatory surcharge and crime victim assistance fee but otherwise affirming judgment).
[2] *People v. Saladeen*, 4 N.Y.3d 767, 792 N.Y.S.2d 11 (2005).

3

repeats that argument and also suggests that his petition is not time barred due to procedural errors that affected both his direct appeal and his collateral attack.

## A. Appeal from Conviction

Saladeen argues that his appeal from his conviction still is pending because he never was "served with Notice of Entry of the November 19, 2004 order which affirmed the judgment of conviction." Docket Item 10 at 1 (¶ 1). But that argument is misplaced for two reasons.

First, service of "Notice of Entry" triggers an aggrieved party's time to appeal or to move for permission to appeal a judgment or order in a New York civil case, *see* New York Civil Practice Law & Rules (C.P.L.R.) § 5513, but not in a criminal case. For criminal appeals as of right, there is no such trigger; instead, a defendant "must, within thirty days after imposition of the sentence or, as the case may be, within thirty days after service upon such party of a copy of an order not included in a judgment, file with the clerk of the criminal court in which such sentence was imposed . . . a written notice of appeal . . . stating that such party appeals." New York Criminal Procedure Law (C.P.L.) § 460.10(1)(a); *see also People v. Coaye*, 68 N.Y.2d 857, 858-59, 501 N.E.2d 18, 18-19 (1986); *People v. Merly*, 51 Misc.3d 858, 861, 31 N.Y.S.3d 751, 755 (Sup. Ct. Bronx Cty. 2016) ("Generally, notice of entry is a civil practice procedure not commonly used in criminal matters . . . ."). For leave to appeal to the Court of Appeals from an order of an intermediate appellate court, as in this case, the process is much the same: "Within thirty days after service upon the appellant of a copy of the order sought to be appealed, the appellant must make application . . . for a certificate granting leave to

4

appeal to the court of appeals." *Id.* § 460.10(5). So the alleged failure to serve "Notice of Entry" is irrelevant here.

Second, Saladeen actually sought leave from the Court of Appeals to appeal the Fourth Department decision affirming his conviction. The Fourth Department order therefore must have been filed and served on him: A defendant cannot seek leave to appeal to the Court of Appeals until after the defendant has been served with a copy of the judgment or order at issue. *Id.* And even if that were not so, by seeking leave to appeal to the Court of Appeals, Saladeen waived any argument that he was not properly served with the order of the Fourth Department—especially because he did not raise the service issue to the Court of Appeals. *See United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002) (discussing when a defendant can re-litigate "issues that he or she had previously waived by failing to raise them . . . during [the defendant's] initial sentencing proceedings or on [the defendant's] previous appeal").

### B. Appeal from Denial of Motion to Vacate Judgment

In July 2002, Saladeen moved for collateral relief—i.e., "to vacate judgment and sentence." *See* Docket Item 1 at 3 (¶ 11(a)). On December 4, 2002, the trial court denied the motion. *Id.* Saladeen then sought to appeal the denial of the motion—in addition to, and separate from, his direct appeal from the judgment of conviction. To accomplish this, he needed to obtain "a certificate granting leave to appeal" to the Appellate Division, Fourth Department. *See* C.P.L. §§ 450.15, 460.15. And he had to apply for that certificate within "thirty days after service . . . of a copy of the order sought to be appealed." *Id.* § 460.10(4)(a).

As Saladeen's petition and the exhibits attached to it show, Saladeen failed to meet that deadline. *See generally* Docket Item 1. So, on November 28, 2003, he filed a motion in the Fourth Department "seeking permission to make a *late* application for a certificate granting leave to appeal." Docket Item 1 at 46 (emphasis added). The Fourth Department asked the prosecutor and Saladeen's trial counsel to weigh in. *See id.* at 47, 49. Then, on January 20, 2004, the Fourth Department issued an order denying the extension motion.[3] *Id.* at 44. Saladeen attempted to appeal the Fourth Department's order to the New York Court of Appeals, but on March 9, 2004, his application was denied because "the order sought to be appealed is not appealable." *Id.* at 45.

**1. Service**

Saladeen now argues that his motion for post-conviction relief still is pending because he "was never served with Notice of Entry of the December 4, 2002 order denying his CPL 440.10 motion." Docket Item 10 at 1 (¶ 1). But as noted above, service of "Notice of Entry" is a requirement in civil, not criminal, cases in New York. What is more, by seeking leave to appeal the Fourth Department's order to the Court of Appeals, Saladeen acknowledged that the order was served on him: as also noted above, an appellant must apply for a certificate granting leave to appeal within 30 days *after service of the order.* C.P.L. § 460.10(4)(a). And in any event, Saladeen waived any argument about service of the Fourth Department's order because he sought leave to appeal the order without raising the service issue. *See generally People v. Grant,*

---

[3] The order does not state whether the denial of the extension motion was because of the failure to meet the deadline or for some other reason, such as the appeal being without merit or futile.

269 A.D.2d 267, 702 N.Y.S.2d 823 (Mem) (1st Dep't 2000) (finding issue unpreserved for review where defendant did not raise it in his motion to vacate); *accord* C.P.L. § 440.10(2)(c) ("[T]he court must deny a motion to vacate a judgment when . . . no such appellate review or determination occurred owing to the defendant's . . . unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him.").

Therefore, Saladeen's collateral attack in state court was resolved in March 2004 when the Court of Appeals denied his application for leave to appeal. For that reason, it was no longer pending when his conviction became final in April 2005, *see Hizbullahankhamon v. Walker*, 255 F.3d 65, 70 (2d Cir. 2001) (state court rules pertaining to a collateral attack determine when that action ceases to be "pending" in state court), and his collateral attack did not toll the statute of limitations, *see* 28 U.S.C. § 2244(d)(2).

### 2. Clerical Errors

Saladeen also argues that the Fourth Department's order denying the extension motion was "erroneous" because it "contained the wrong name, the wrong indictment number and referenced an appeal from a judgment entered 12/4/02." Docket Item 1 at 20; Docket Item 10 at 1. In his petition, Saladeen argued that because of these alleged errors, (1) "no actual ruling" was ever made on the extension motion, and (2) his application therefore "should be considered still pending" for the purposes of the AEDPA's statute of limitations. Docket Item 1 at 20. But the alleged errors on which Saladeen relies are, at worst, minor—and legally irrelevant—clerical errors. *See United States v. Burd*, 86 F.3d 285, 288 (2d Cir. 1996) (quoting *United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995) ("[A] clerical error must not be one of judgment or even of

misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature.")); *see also* C.P.L.R. § 2001 ("[T]he court may permit a mistake, omission, defect or irregularity . . . to be corrected . . . or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded . . . .").

For example, Saladeen notes that his name is listed on the Fourth Department's order as "Ismael Ahmad Saladeen f/k/a Joseph Mark Jeffries." Docket Item 1 at 44. But the name that Saladeen uses in connection with this petition is identical, except that it lacks the formerly-known-as name. *Id.* at 1. Saladeen also complains about the indictment number on the order. That number, however, is correct—apart from one digit in a suffix attached to the number (which Saladeen apparently got wrong in his own correspondence with the Fourth Department).[4] And while Saladeen complains that the order has the wrong judgment date, the order's reference to "an appeal from a judgment entered 12/4/02" is correct, since that is the date of the order he sought permission to appeal.[5]

The Fourth Department's order gave Saladeen all the notice to which he was entitled. There was no reasonable reading of the order denying Saladeen's extension motion other than the correct one, and his allegations of error therefore are misplaced.

---

[4] The number of the New York indictment is "2000-1739-001." Docket Item 1 at 56. The last three digits presumably are intended to identify particular defendants within a matter, but Saladeen wrote the number as "1739-00" on his letter to the Fourth Department, and the Fourth Department wrote it as "1739-03"—both perhaps using the last two digits to represent a year. In any event, all documents refer to the same indictment: 2000-1739.

[5] If the reference to a "judgment" instead of an "order" was a mistake, it also was a trivial mistake: the date of the decision from which Saladeen sought permission to appeal identified that "judgment" or "order" with specificity.

But even if his allegations were accurate, the molehill of errors he alleges would not make an untimely petition timely.

## IV. ACTUAL INNOCENCE

Saladeen's petition also included several exhibits and a memorandum of law in which he argued for habeas relief "upon grounds of actual and factual innocence." Docket Items 1, 6 at 1. A habeas petition asserting a claim of actual innocence may not be time barred even if the petition is filed after the one-year period of limitations has expired. *McQuiggin*, 133 S. Ct. at 1931. Stated another way, "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *Id.* at 1931. But "actual innocence" is a "demanding" standard that requires the petitioner to present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial." *Id.* at 1936. In other words, this exception "applies to a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Id.* at 1933 (internal quotation omitted).

In support of his claim, Saladeen has raised various issues with an initial DNA match, the legal authority for the state's DNA databank, and certain statements in the assistant district attorney's affidavit supporting the prosecution's motion for an additional blood sample and fingerprints. This Court concluded in its last order that the petitioner's evidence and arguments did not constitute "evidence of innocence so strong that [this Court] cannot have confidence in the outcome of the trial." Docket Item 9 at 7 (quoting *McQuiggin*, 133 S. Ct. at 1936). Saladeen did not further address the issue of his

"actual innocence" in his timelineness motion. And so this Court will not revisit its prior decision that Saladeen has not made the "credible showing of actual innocence" that would allow him to pursue his constitutional claims despite the statute of limitations. See McQuiggin, 133 S. Ct. at 1931.

## CONCLUSION

After being given an opportunity to show cause why his petition should not be dismissed as untimely, Saladeen has not established a basis to toll the period of limitations, nor has he made a credible showing of actual innocence. Therefore, Saladeen's conviction was "final" on April 27, 2005; the one-year period of limitations of § 2244(d)(1)(A) expired a year later; and his claims are time barred.

Moreover, because the issues raised here are not the type of issues that a court could resolve in a different manner, or because these issues are not debatable among jurists of reason, Slack v. McDaniel, 529 U.S. 473, 484 (2000), this Court concludes that the petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and therefore denies a certificate of appealability. Further, this Court certifies that any appeal from this order would not be taken in good faith and therefore denies the petitioner leave to appeal in forma pauperis. Id. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 438 (1962).

The petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, **within 30 days of the date of this order**. Requests to proceed in forma pauperis on appeal must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED that the petition (Docket Item 1) is dismissed with prejudice as untimely; and it is further

ORDERED that a certificate of appealability is denied pursuant to 28 U.S.C. § 2253(c)(2); and it is further

ORDERED that leave to appeal *in forma pauperis* is denied pursuant to 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated: June 20, 2017
       Buffalo, New York

_____
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE